**United States District Court**
**Central District of California**

UNITED STATES OF AMERICA vs.    Docket No.    CR02-00093-RT-1

**Defendant** John C. Jeffers

akas: None

Social Security No.  7  1  4  8
(Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 08 | 17 | 11 |

**COUNSEL**    Mark M. Kassabian
(Name of Counsel)

**PLEA**    [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.    [ ] NOLO CONTENDERE    [ ] NOT GUILTY

**FINDING**    Defendant has been convicted as charged of the offense(s) of:
**Aiding and Abetting Wire Fraud (18 U.S.C. §§ 1343 and § 2)**

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, it is the judgment of the Court as follows;

It is ordered that the defendant shall pay to the United States a special assessment of $300, which amount has been fully paid under the Judgment and Commitment Order, entered, in this case on June 9, 2005 (June 9, 2005) order. This payment shall be credited as payment in full of the special assessments ordered hereinabove.

It is ordered that the defendant shall pay restitution in the total amount of $26,245,712.12 pursuant to 18 U.S.C. §3663A. The restitution ordered shall be paid to those persons in the amount stated next to their names as set forth on the victim list which is attached to the June 9, 2005. Order. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment in specified by this judgment.

Nominal consecutive monthly payments of $100 shall be made towards restitution during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Defendant shall be held jointly and severally liable with co-defendant, John Minderhout.

Defendant shall comply with this court's General Order No. 01-05.

| USA vs. JOHN C. JEFFERS | Docket No.: EDCR02-00093-RT-1 |
|---|---|

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, John C. Jeffers, is hereby committed on Counts 7, 12, and 13 of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a period equal to the time already served. This term consists of 60 months on Count Seven, and the remainder of the prison term served on Counts 12 and 13 of the First Superseding Indictment, to be served concurrently to each other but consecutively to Count 7.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions. This term consists of 3 years on each of Counts 7, 12, and 13, all such terms to run concurrently.

1. Defendant shall comply with the provisions of this Court's General Order 05-02;

2. During the period of community supervision the defendant shall pay the restitution in accordance with this Court's orders pertaining to such payments;

3. Unless specifically approved in advance and in writing by the United States Probation Office (USPO), defendant shall not, in any way or for any reason or purpose, directly or indirectly, publicly or privately, from or via any person or entity whatsoever:

    a. Solicit or raise, or attempt to solicit or raise, any money or financing; or

    b. Offer, sell, purchase, solicit, or trade any investment, investment opportunity, security, loan, financing, bond, note, debenture, guarantee, letter of credit, or any money-raising or money-generating vehicle or program of any kind, no matter how named or described;

4. Defendant shall not work at, become employed by, operate, control, serve as an officer or agent of, serve on the board or governing entity of, or in any way professionally associate with any bank, financial institution, investment company, investment brokerage company, or any entity that offers, sells, purchases, solicits, or trades any investment, investment opportunity, security, loan, financing, bond, note, debenture, guarantee, letter of credit,

| USA vs. | JOHN C. JEFFERS | Docket No.: | EDCR02-00093-RT-1 |
|---|---|---|---|

or any other money-raising or money-generating vehicle or program of any kind, no matter how named or described;

5. Unless specifically approved in advance and in writing by the USPO, defendant shall not offer, sell, or trade insurance of any kind;

6. Unless specifically approved in advance and in writing by the USPO, defendant shall not work at, become employed by, operate, control, serve as an officer or agent of, serve on the board or governing entity of, or in any way professionally associate with any company or entity that offers, sells, or trades insurance of any kind;

7. Unless specifically approved in advance and in writing by the USPO, defendant shall not, in any financial, controller, accounting, management, or executive position, work at, become employed by, operate, control, serve as an officer or agent of, serve on the board or governing entity of, or in any way professionally associate with any company or entity whose shares or securities are listed, traded, bought, or sold;

8. Defendant shall not in any way ask, solicit, cause, assist, encourage, use or employ any other person or entity to engage in any conduct that would be prohibited by the terms and conditions of defendant's supervised release if defendant personally engaged in such conduct himself;

9. The USPO shall not approve any activity or conduct otherwise prohibited or limited by the terms or conditions of defendant's supervised release, except upon full, complete, and truthful disclosure by defendant to the USPO of all relevant facts. If defendant does not make such full, complete, and truthful disclosure, then no approval (even if granted by the USPO) shall be deemed valid or constitute a defense to any allegation that defendant violated a term or condition of his supervised release;

10. Defendant shall cooperate in the collection of a DNA sample from his person; and

11. Defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, including the special assessments and restitution.

| | |
|---|---|
| USA vs. JOHN C. JEFFERS | Docket No.: EDCR02-00093-RT-1 |

The drug testing condition mandated by statute is suspended based on the Court's finding that defendant poses no risk of future substance abuse.

The Court ordered the Probation Officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject.

The Court grants the governments' motion to dismiss without prejudice Count's 1 through 6, Counts 8 through 11, and Count's 14 through 80 of the First Superseding Indictment.

Pursuant to defendant's request, the Court recommends to the United States Probation Office that defendant be supervised by a probation officer located in San Bernardino, CA.

Defendant was advised of his limited right to appeal.

Release Order exonerated upon defendant's reporting to probation officer.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

8/19/11
Date

_Robert J. Timlin_
U. S. District Judge/~~Magistrate Judge~~

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

8/19/11
Filed Date

By _Pathuma_
Deputy Clerk

USA vs. __JOHN C. JEFFERS__                                    Docket No.: __EDCR02-00093-RT-1__

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

USA vs.  JOHN C. JEFFERS                                   Docket No.:  EDCR02-00093-RT-1

Page 6 of 4

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____                    _____
Date                                       Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

USA vs.   JOHN C. JEFFERS                                    Docket No.:   EDCR02-00093-RT-1

Clerk, U.S. District Court

By

_____     _____
Filed Date                                                    Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
              Defendant                                                             Date


         _____     _____
         U. S. Probation Officer/Designated Witness                 Date

# NOTICE PARTY SERVICE LIST

Case No.  EDCR02-00093-RT          Case Title  USA v. John C. Jeffers

Title of Document   Judgment and Commitment Order

| | | | |
|---|---|---|---|
| | ADR | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -L.A. |
| | CA St Pub Defender (Calif. State PD) | | US Attorneys Office - Criminal Division -S.A. |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Bankruptcy Court |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Chief Deputy Admin | | US Marshal Service -Santa Ana (USMSA) |
| | Chief Deputy Ops | ✓ | US Probation Office (USPO) |
| | Clerk of Court | | US Trustee's Office |
| | Death Penalty H/C (Law Clerks) | | Warden, San Quentin State Prison, CA |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| ✓ | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | MDL Panel | | |
| | Ninth Circuit Court of Appeal | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| | PSA - Los Angeles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |

| | ADD NEW NOTICE PARTY (if sending by fax, mailing address must also be provided) |
|---|---|
| Name: | |
| Firm: | |
| Address *(include suite or floor)*: | |
| *E-mail: | |
| *Fax No.: | |

\* For CIVIL cases only

| JUDGE / MAGISTRATE JUDGE (list below): |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  pg